IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
VICTORIA FLORES, an individual,  : Case No.:
:
  *Plaintiff*,  :
:
v.  :
:
ACE AMERICAN INSURANCE  :
COMPANY, a Pennsylvania corporation,  :
:
  *Defendant*.  :
:
------------------------------------------------------------x

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Victoria Flores alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

**NATURE OF THE ACTION**

1. This dispute arises out of a putative class action Plaintiff Victoria Flores filed against Grubhub, Inc. for making allegedly unauthorized text message calls to individual consumers' cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (the "Underlying Action").[1]

2. Flores, on behalf of a class, ultimately reached a classwide settlement of the Underlying Action, whereby Grubhub agreed to, among other things, the creation of an $8

---

[1] As described in more detail herein, the Underlying Action refers collectively to the matters captioned *Flores v. Grubhub, Inc.*, No. 2016 CH 04576 (Cir. Ct. Cook Cnty., Ill.), *Flores v. Grubhub, Inc.*, No. 1:16-cv-05105 (N.D. Ill.), and *Flores v. Grubhub, Inc.*, No. 2017 CH 04406 (Cir. Ct. Cook Cnty., Ill.).
[2] A copy of the Policy is attached as Exhibit A.
[3] On July 26, 2016, counsel for Grubhub sent a letter, via certified mail and email,

1

million non-reversionary settlement fund for the benefit of the class, the entry of a judgment against it in that amount, and an assignment of rights to its relevant insurance policy, the Digital Technology & Professional Liability Policy through Defendant ACE American Insurance Company (the "Policy").[2]

3. Flores, in turn, agreed to pursue recovery of the $8 million from Grubhub's Policy and insurer, ACE, which she's seeking through this action.

4. Following the filing of the Underlying Action, Grubhub attempted to engage ACE and its agent Chubb North American Claims to defend the suit (collectively, referred to in the singular as "ACE"). ACE, however, failed to engage at any point in the matter. In fact, ACE even failed to respond to Grubhub's tender (or notice) of claim under the terms of its Policy for more than three months and ultimately did so—denying coverage—only after the parties had reached a settlement in principle to resolve the claims at issue for an amount within the limits of the Policy.

5. At that time and in response to the parties' proposed term sheet, it declined to cover or defend against the claims at issue, pointing to an exclusion in the Policy for certain types of mass telemarketing campaigns not in question here.

6. ACE also did not participate in a private mediation to put the settlement back together after its initial denials, and remained virtually silent on the matter until receiving notice of Flores' intention to pursue this coverage action against it.

7. Defendant ACE had a duty to, at the very least, defend Grubhub to determine if the Underlying Action alleged facts that fell within or potentially within the Policy's coverage, which Plaintiff Flores believes is the case.

---

[2] A copy of the Policy is attached as Exhibit A.

8. Accordingly, Plaintiff Flores brings this lawsuit against Defendant ACE seeking an order declaring that ACE breached its duties under the Policy and, therefore, must fund the settlement of the Underlying Action as negotiated between the Parties in that matter.

## PARTIES

9. Plaintiff Victoria Flores is a natural person and citizen of the State of Illinois.

10. Defendant ACE American Insurance Company is a corporation existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the sum in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in and/or emanated from this District, the Policy at issue was entered into in this District, and ACE maintains offices in this District.

## FACTUAL BACKGROUND

13. The following is an overview of (i) the relevant factual bases of the Underlying Action, (ii) the resolution of the Underlying Action, including Grubhub's assignment of rights under the Policy to Plaintiff Flores (on behalf of a class), and (iii) Defendant ACE's breach of duty to defend.

I.   **The Facts of the Underlying Action.**

14. Grubhub operates an online platform that allows consumers to order food from more than 40,000 restaurants in more than 1,000 cities throughout the world. *See, e.g., Flores v.*

*Grubhub, Inc.*, No. 2017 CH 04406, Complaint at ¶ 1 (Cir. Ct. Cook Cnty., Ill.).

15. While Grubhub is best known to consumers for its online takeout service, it's also one of the largest restaurant advertising and marketing companies in the United States. (*Id*. ¶ 10.) One way Grubhub exposed its partner-restaurants to consumers was by sending text messages to its customers' cellular telephones after they ordered to encourage them to solicit others to try the particular restaurant they had just ordered from. (*Id*. ¶ 11.)

16. Specifically, in the Underlying Action Flores alleges that once Grubhub captured a customer's telephone number (required to complete an order), it would send several unwanted and unauthorized text messages to their cellular telephone advertising the particular restaurant partner from which the consumer had just ordered. (*Id*. ¶¶ 15–17.)

17. These messages were not directed to multiple individuals or shared by many. Instead, they were tailored to each individual class member regarding their individual experiences with the Grubhub service and the particular restaurant from which they had ordered.

18. Although Grubhub required customers to provide a cellular telephone number to complete an order, it did not disclose in either its sign-up or ordering process that it would send text messages to its customers, let alone text message advertisements. (*Id*. ¶¶ 12–15.)

19. Plaintiff Flores was one such customer who received unwanted text message advertisements from Grubhub. (*Id*. ¶¶ 28–30.) Flores, like the other members of the class, only provided her telephone number to Grubhub for the purpose of ordering food, as was required to complete her purchase. (*Id*.) She did not provide her express written consent for Grubhub to send automated text message advertisements to her cellular telephone. (*Id*. ¶ 30.)

II. **The Procedural History and Resolution of *Flores v. Grubhub*, Including Grubhub's Attempts to Engage its Insurer, Defendant ACE.**

20. On March 31, 2016, Plaintiff filed her original class action complaint against

4

Grubhub in the Circuit Court of Cook County, Illinois. *See Flores v. Grubhub, Inc.*, No. 2016 CH 04576 (Cir. Ct. Cook Cnty., Ill.).

21. On April 11, 2016, after receiving Flores's original complaint, Grubhub's counsel sent a letter by certified mail and email to ACE, the provider of the Policy. (*See* April 11, 2016 Notice of Claim/Wrongful Act, attached as Exhibit B.) In that letter, Grubhub provided notice to ACE of the Underlying Action, that it was making a claim under the Policy, and that the Underlying Action may give rise to a future claim covered by the Policy. (*See id.*) Grubhub requested ACE promptly acknowledge and undertake its obligation to insure Grubhub in connection with the lawsuit under the Policy and all other applicable insurance policies. (*See id.*) ACE did not respond.

22. Shortly thereafter, on May 10, 2016, Grubhub filed a Notice of Removal to the United States District Court for the Northern District of Illinois. *See Flores v. Grubhub, Inc.*, No. 1:16-cv-05105, Dkt. 1 (N.D. Ill.).

23. It was at that point that the parties to the Underlying Action began to discuss their respective positions on the material facts and law underlying the claims asserted. Those discussions ultimately turned to the possibility of an early resolution to the matter. As a result, the parties requested and received extensions of time for Grubhub to respond to the complaint so that they could focus their efforts on potential resolution, rather than engage in otherwise costly and protracted litigation. (*Id.*; Dkts. 12–21.) During this time, the parties informally exchanged information relevant to the claims and defenses at issue, and were in regular communication regarding the possibility of settlement.

24. By July 2016, the parties had reached a settlement in principle as to a classwide resolution, within the limits of the ACE Policy. Shortly thereafter, on July 26, 2016, Grubhub

5

shared the term sheet with ACE and recommended that it fund the settlement on the proposed terms.[3] Two days later, on July 28, 2016, Grubhub's counsel received a letter from Chubb North American Claims (who was then handling the claim) stating that there was no coverage for the matter under the Policy and that ACE would neither defend nor indemnify Grubhub in the lawsuit.

25. In light of ACE's refusal to engage in or resolve the matter within the Policy limits, as well as certain contemporaneous developments in the law with respect to certification of TCPA claims and related issues, the parties went back to the drawing board to attempt resolution without needless and costly litigation.

26. On September 12, 2016, counsel for Flores and Grubhub participated in a full-day mediation with the assistance of Hon. Stuart E. Palmer (ret.) of JAMS in Chicago, Illinois. The parties made progress during numerous rounds of arm's-length negotiations, but it wasn't until Judge Palmer made a mediator's proposal that they agreed to all principal terms. The parties thereafter prepared and executed a binding term sheet that would resolve the claims of the settlement class against Grubhub.

27. Consistent with their agreement, on September 15, 2016, Plaintiff Flores filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), indicated that the parties had reached a settlement but that, because of potential federal jurisdiction issues in light of the United States Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), they agreed to effectuate the agreement before the Circuit Court

---

[3] On July 26, 2016, counsel for Grubhub sent a letter, via certified mail and email, regarding the parties' discussions and included the proposed term sheet. In that letter, Grubhub's counsel provided an analysis of why the settlement was reasonable in light of the potentially significant exposure and recommended ACE pay the proposed amount to resolve the case.

of Cook County, Illinois, where the case was originally filed. *See Flores v. Grubhub, Inc.*, No. 1:16-cv-05105 (N.D. Ill.).

28. On March 27, 2017, Plaintiff Flores re-filed her putative class action complaint in the matter captioned *Flores v. Grubhub, Inc.*, No. 2017 CH 04406 (Cir. Ct. Cook Cnty., Ill.).

29. On April 6, 2017, Flores and Grubhub fully executed their settlement agreement, in which they:

- agreed to release all claims or causes of action arising out of, or related or connected in any way with the messages at issue in the Underlying Action;

- defined the settlement class as "all persons in the United States to whom Defendant Grubhub, Inc. . . . sent or had sent on its behalf a text message to his or her cellular telephone requesting that the person share feedback regarding their order experience with a particular restaurant or food provider from December 4, 2015 through April 2, 2016.";

- agreed to the entry of a judgment in the amount of $8 million and an assignment of all rights under the Policy to Flores, on behalf of the class; and

- agreed that the judgment is to be collected exclusively from Grubhub's Policy and ACE.

30. After the execution of the underlying settlement agreement, Flores, per the terms of the Policy, requested that ACE engage in a mediation prior to her filing a lawsuit seeking to recover any amounts owed to her and the class. However, the Parties were unable to reach a resolution.

**III.   The Insurance Policy Covers Flores's TCPA Claims.**

31. The Underlying Action alleged facts that fall within or potentially within the ACE Policy. As such, ACE had a duty to, at the very least, defend Grubhub.

32. As described above, it wasn't until more than three months after the parties to the Underlying Action had reached a settlement in principle to resolve the case within the Policy

limits that ACE communicated at all. At that time and in response to the parties' proposed term sheet, it declined to cover or defend against the claims at issue, pointing to an exclusion in the Policy for certain types of mass telemarketing campaigns not in question here.

33. Specifically, ACE pointed to three exclusions as bases for denying coverage or any responsibility for funding the proposed settlement of the Underlying Action. (*See* July 28, 2016 Claim Denial Letter at 2 (referencing exclusions A, Y and CC), a copy of which is attached as Exhibit C.)

34. The primary focus of ACE's denial, however, is the TCPA exclusion contained in Exclusion CC of the Policy.[4] According to the Policy, ACE "shall not be liable for Damages, Claims Expenses, Data Breach Expenses, or Extortion Expenses on account of any Claim" . . .

> alleging, based upon, arising out of or attributable to any unsolicited electronic dissemination of faxes, emails or other communications by or on behalf of the Insured to *multiple actual or prospective customers* of the Insured or any other third party, including but not limited to actions brought under the Telephone Consumer Protection Act, any federal or state anti-spam statutes, and/or any other federal or state statute, law or regulation relating to a person's or entity's right of seclusion. However, with respect to a Wrongful Act expressly covered under Insuring Agreement C, this exclusion shall not apply.

(Exhibit A at 7, 10) (emphasis added).

35. Coverage is not actually excluded for the claims at issue in the Underlying Action, however, because the exclusion on its face is not broad enough to cover the individualized messages in question. Instead, the language of the exclusions makes clear that it

---

[4] Exclusions A and Y exclude claims alleging fraudulent activity. Plaintiff Flores believes that ACE raised those exclusions in reference to Plaintiff's original class action complaint, which asserted a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. The claim is not actually asserted in the operative pleading, filed on March 27, 2017.

8

applies to messages or phone calls that are transmitted or made *en masse*—*i.e.*, to multiple recipients at once—as part of spam or mass marketing campaigns. (*See id.*)

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**
**(On Behalf of Plaintiff Against Defendant)**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Plaintiff contends there is coverage under the Policy for the claims brought by her on behalf of herself and the respective class in the Underlying Action. ACE, on the other hand, asserts that there is no coverage under the Policy.

38. Declaratory judgment is both necessary and proper to determine the rights and obligations of Plaintiff and ACE under the Policy.

39. Defendant ACE had a duty to, at the very least, defend Grubhub to determine if the Underlying Action alleged facts that fell within or potentially within the Policy's coverage, which Plaintiff Flores believes is covered.

40. Accordingly, Plaintiff seeks an order declaring that ACE breached its duty to defend and, therefore, has to pay Plaintiff Flores (on behalf of the class) the full amount of the agreed upon judgment in the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Victoria Flores respectfully requests that the Court grant the following judgment and relief:

A. Enter an order declaring that the Underlying Action alleged facts that fall within or potentially within the Policy's coverage;

B. Enter an order declaring that ACE breached its duty to defend Grubhub in the Underlying Action;

  C. Enter an order declaring that Defendant ACE has to pay Plaintiff Flores (on behalf of the class) the full amount of the agreed upon judgment in the Underlying Action;

  D. Awarding Plaintiff Flores her reasonable litigation expenses and attorneys' fees; and

  E. Awarding such other and further relief as equity and justice may require.

             Respectfully submitted,

             **VICTORIA FLORES**,

Dated: November 8, 2017      By:  /s/Benjamin H. Richman
               One of Plaintiff's Attorneys

             Jay Edelson*
             jedelson@edelson.com
             Benjamin H. Richman*
             brichman@edelson.com
             Sydney M. Janzen*
             sjanzen@edelson.com
             EDELSON PC
             350 North LaSalle Street, 13th Floor
             Chicago, Illinois 60654
             Tel: 312.589.6370
             Fax: 312.589.6378

             *Admission *pro hac vice* to be sought.