```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

VICTORIA FLORES, individually and on behalf
of all others similarly situated,

                        Plaintiff,

  -against-

ACE AMERICAN INSURANCE COMPANY.,

                        Defendants.

------------------------------------------------------------ X

**ORDER GRANTING MOTION TO DISMISS**

17-cv-8674

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Victoria Flores, individually and on behalf of all others similarly situated, filed this action on November 8, 2017 against ACE American Insurance Company, an insurance company, seeking to recover monies owed under a settlement agreement between Plaintiff and Grubhub Seamless Inc., an insured of Defendant. The question in this suit is whether the insurance policy between Defendant and Grubhub covers said settlement. Defendant argues that it does not, and moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 15. I agree and grant Defendant's motion to dismiss the complaint.[1]

### BACKGROUND

*The Underlying Suit*

      Plaintiff Victoria Flores filed a class action complaint against Grubhub on March 31, 2016 in the Circuit Court of Cook County, Illinois (the "Underlying Suit"). According to the complaint of the underlying suit, Grubhub sent unauthorized text messages to thousands of

---

[1] The Court has diversity jurisdiction pursuant to § 28 U.S.C. 1332.

1

consumers in violation of the Telephone Consumer Protection Act ("TCPA"). Grubhub did not file a responsive pleading in the Underlying Suit.

On April 6, 2017, Plaintiff and Grubhub entered into a Settlement Agreement, defining a certain Settlement Class of persons receiving unauthorized text messages, and providing for a payment of $8 million in the form of a consent judgment against Grubhub.

As part of the Settlement Agreement, Grubhub assigned to Plaintiff all claims and proceeds under the insurance policy (the "Policy") between Grubhub and its insurer, Defendant ACE. Under the Settlement Agreement, the judgment could be collected exclusively from Grubhub's Policy with ACE, and not from Grubhub itself.

*The Insurance Policy*

In the Underlying Suit, Grubhub requested coverage from ACE on April 11, 2016. ACE, in turn, denied that it had a duty to defend or indemnify Grubhub, advising Grubhub on July 28, 2016 that coverage for the Underlying Suit was excluded under "Exclusion CC" and "Exclusion Y." Defendant ACE maintains in the current case as well that these two exclusions prevent Plaintiff from collecting its judgment.

Under Exclusion CC of Section II of the Policy, attached as Exhibit A to the Complaint, the insurer shall not be liable on account of any claim:

> alleging, based upon, arising out of or attributable to any unsolicited electronic dissemination of faxes, emails or other communications by or on behalf of the Insured to multiple actual or prospective customers of the Insured or any other third party, including but not limited to actions brought under the Telephone Consumer Protection Act, any federal or state anti-spam statutes, and/or any other federal or state statute, law or regulation relating to a person's or entity's right of seclusion.

Under Exclusion Y, the insurer shall not be liable on account of any claim:

> alleging, based upon, arising out of or attributable to false, deceptive or unfair business practices or any violation of consumer protection laws.

That is, under Exclusion CC, the insurer will not cover claims based on an "unsolicited electronic dissemination of . . . communications by or on behalf of the Insured to multiple actual

2

or prospective customers" including but not limited to actions brought under TCPA. Second, under Exclusion Y, the insurer will not cover claims based on any "violation of consumer protection laws."

*The Current Suit*

Plaintiff in the current suit alleges that Defendant failed to defend or indemnify Grubhub in the underlying suit. In particular, Plaintiff alleges that Exclusion CC "is not broad enough to cover the individualized messages in question. Instead, the language of the exclusions makes clear that it applies to messages or phone calls that are transmitted or made *en masse* – *i.e.*, to multiple recipients at once—as part of spam or mass marketing campaigns." *See* Complaint at ¶ 35. According to the Complaint, the text messages sent by Grubhub "were not directed to multiple individuals or shared by many. Instead, they were tailored to each individual class member regarding their individual experiences with the Grubhub service and the particular restaurant from which they had ordered." *Id.* at ¶ 17. Plaintiff requests a declaratory judgment declaring that Defendant breached its duty to defend and that, because it breached its duties, Defendant must pay Plaintiff the full amount of the consent judgment of the Underlying Suit.

*The Motion to Dismiss*

Defendant ACE moves to dismiss the complaint, arguing that both Exclusion CC and Exclusion Y exclude coverage of the claims of the Underlying Suit. Plaintiff argues, however, that Exclusion CC does not apply to the "individual" text messages allegedly sent by Grubhub, and that Exclusion Y does not apply to "privacy regulations." For the reasons set forth below, I hold that coverage is excluded under both Exclusion CC and Exclusion Y, and I therefore grant Defendant's motion to dismiss.

## LEGAL STANDARD

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor. *Patane v. Clark*, 503 F.3d 106, 111 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991). "Under New York law, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (internal quotation marks omitted).[2]

## DISCUSSION

### 1. Exclusion CC Excludes Coverage

Exclusion CC precludes coverage for claims arising out of the unauthorized communications sent by the insured "to multiple actual or prospective customers," and explicitly precludes coverage for actions brought under TCPA. The Underlying Suit alleges that "Grubhub made the same (or substantially the same) text message advertising calls *en masse* to thousands of cellular telephone numbers," *see* Underlying Complaint at ¶ 23,[3] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.[4] The claims of the Underlying Suit are claims under

---

[2] The parties dispute whether New York or Illinois law governs this dispute. The parties have pointed to no meaningful difference between the laws of New York and the laws of Illinois that would affect my interpretation of the Policy or my consideration of the duties owed by Defendant to Plaintiff.

[3] The original Complaint is attached as Exhibit A to Defendant's Motion to Dismiss. *See* Dkt. No. 15.

[4] In its first complaint Plaintiff also alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA"), 815 ILCS 505/1, *et seq*. After a circuitous procedural history, Plaintiff filed a second (and operative) complaint on March 27, 2017 which contained only allegations under the TCPA, not the IFCA. The operative complaint is otherwise materially identical to the original complaint.

the TCPA and arise out of the unauthorized communications sent by the insured. The claims are therefore excluded from coverage under Exclusion CC, and Defendant thus did not breach its duty to defend or duty to indemnify.[5]

Plaintiff argues, however, that Exclusion CC, which covers communications sent to "multiple" individuals, does not exclude the claim of the Underlying Complaint, which relates to communications "not directed to multiple individuals or shared by many," *see* Complaint at ¶ 17. According to Plaintiff, the Underlying Suit was based on individualized texts tailored to individuals' experiences with a particular restaurants. However, there is nothing in Exclusion CC requiring that the text messages sent to the customers be identical or sent at the same time. The claims of the Underlying Complaint (that Grubhub sent text messages "*en masse* to thousands of" customers in violation of the TCPA) are clearly excluded from coverage under Exclusion CC.

### 2. *Exclusion Y Excludes Coverage*

Exclusion Y provides a second and independent justification for Defendant's refusal to cover the claims of the Underlying Complaint. Under Exclusion Y, there is no coverage for claims based on "false, deceptive or unfair business practices or any violation of consumer protection laws." The TCPA is a consumer protection statute, and, therefore, the Policy does not cover claims brought under it.

Plaintiff argues, however, that, under Section II(OO)(4)(b) of the Policy, the insurer covers claims arising out of "an unintentional violation of the Insured's privacy policy that results in the violation of any Privacy Regulation." "Privacy Regulation" is defined, in Section II(EE), as:

---

[5] Plaintiff argues that the duty to defend is broader than the duty to indemnify, covering even claims that are "potentially" within the policy coverage, and that, at the very least, Defendant breached its duty to defend. There are no ambiguities in Exclusions CC and Y, and I find that the claims of the Underlying Suit are not even potentially within the policy coverage.

the following statutes and regulations associated with the control and use of personally identifiable financial, medical or other sensitive information

1. Health Insurance Portability and Accountability Act of 1996 (Public Law 104-191) and Health Information Technology for Economic and Clinical Health Act . . .

6. other similar state, federal, and foreign identity theft and privacy protection legislation that requires commercial entities that collect Personal Information to post privacy policies, adopt specific privacy or security controls, or notify individuals in the event that Personal Information has potentially been compromised.

That is, Plaintiff argues that the TCPA is a "privacy regulation," and is covered under Subsection (6).

Contrary to Plaintiff's contention, however, the TCPA is not a "privacy regulation," as defined in the Policy. "Privacy Regulation" refers to laws associated with the "control and use" of personal data that require commercial entities collecting such data to "adopt specific privacy or security controls" to avoid identity theft. The purpose of the TCPA is not to avoid identity theft, and the TCPA does not require commercial entities to adopt privacy or security controls. The claims brought in the Underlying Complaint do not relate to "privacy regulations."

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted.[6] The Clerk shall terminate the motion, Dkt. No. 15, enter judgment in Defendant's favor, and mark the case closed.

SO ORDERED.

Dated: April 30, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[6] Defendant's motion for dismissal under Rule 12(b)(6) is procedurally proper, and I hold that Plaintiff has failed to state a claim for relief. Had Defendant moved instead for judgment on the pleadings pursuant to Rule 12(c), I would have similarly granted judgment in favor of Defendant, and, consistent with this opinion, endorsed Defendant's interpretation of the policy.